**Jean D. MUIRHEAD, Plaintiff-Appellee Cross Appellant,**

v.

**Dr. Jeanne BONAR et al., Defendants-Appellants Cross Appellees.**

No. 76–1116.

United States Court of Appeals, Fifth Circuit.

July 27, 1977.

Danny E. Cupit, Dixon L. Pyles, Jackson, Miss., for defendants-appellants.

Jean D. Muirhead, pro se.

Before WISDOM, SIMPSON and TJOFLAT, Circuit Judges.

PER CURIAM:

This challenge to an award of attorney's fees arises out of a suit for payment of attorney's fees. Muirhead, the plaintiff-appellee/cross-appellant, is an attorney who was initially retained by the defendants-ap-

---

pellants/cross-appellees, Drs. Bonar, Hoskins, and Pfaffman, to represent them in a sex discrimination suit against their employer, the University of Mississippi Medical Center. She agreed to represent the appellants upon a fee arrangement under which she would recover her fee from the defendant in the Title VII charge if Bonar, Hoskins, and Pfaffman were successful, but recover nothing if they were unsuccessful. Muirhead represented them from the time they filed charges with the E.E.O.C. until the time that they procured a "right to sue" letter from the U.S. Justice Department—a period of 11 months. Her clients then dropped Muirhead as their attorney before suing the Medical Center in court, and retained other counsel.

When her former clients refused to pay her fees, Muirhead sued them in state court. On December 12, 1973, the defendants moved the case to the federal court where the Title VII case was pending, the Northern District of Mississippi, contending that Muirhead's claim for attorney's fees was properly considered as part of the Title VII suit. On March 14, 1974, Chief Judge Keady, in a memorandum opinion, found that subject matter jurisdiction in the federal courts was entirely lacking, and entered an order remanding the case. In March and April, 1974, Muirhead filed amended declarations in state court. On May 7, 1974, the defendants filed their second petition for removal, this time in the Southern District of Mississippi because the Title VII case had been transferred to that district. They again contended that Muirhead's claim for attorney's fees should be decided along with the Title VII suit. Over a year passed. On June 4, 1975, Muirhead filed a petition to remand and a petition for the award of attorney's fees. On October 29, 1975, Judge Russell remanded the case to state court for the second time and awarded Muirhead $250 in attorney's fees, to be taxed against the defendants. Judge Russell found that no federal question was involved in Muirhead's state court suit based on quantum meruit, and further found that the second removal petition was not timely filed.

Bonar, Hoskins, and Pfaffman appeal Judge Russell's award of attorney's fees based on the second improper removal of the case. Muirhead cross-appeals, requesting an additur of attorney's fees. We deny both the appeal and the cross-appeal and affirm the district court.

Judge Russell did not abuse his discretion in awarding attorney's fees pursuant to the "bad faith" exception to the general rule that, in federal courts, attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing for them. See *Newman v. Piggie Park Enterprises, Inc.,* 1968, 390 U.S. 400, 402 n. 4, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1266 n. 4. He was justified in concluding that, in the circumstances in this case, the defendants' second improper removal of Muirhead's initial attorney's fees suit constituted bad faith. See *Smith v. Student Non-Violent Coordinating Committee,* 5 Cir. 1970, 421 F.2d 522, 524.

On appeal, the appellants contend that their second attempt to remove the suit was justified by the amendments Muirhead made to her pleadings in state court after the case was remanded the first time. They argue that in her original declarations, Muirhead did not allege that the fees due her were for her representation of the appellants in their Title VII action, but simply stated that the appellants owed her fees for legal services rendered. Because Muirhead's amended declarations specifically stated that the fees were owed because of Muirhead's work on the Title VII case, the appellants assert that they were justified—or at least not acting in bad faith—in seeking removal for a second time, since their contention all along was that Muirhead's suit for fees was properly considered as part of the Title VII suit, which was then pending in federal court.

The appellants' argument is unpersuasive. In the first remand order, Chief Judge Keady made it clear that he knew the basis of Muirhead's claim for attorney's fees was her representation of her clients in a pending Title VII suit, and he explicitly

found this an insufficient ground for removal. Bonar, Hoskins, and Pfaffman did not appeal Chief Judge Keady's order. The appellants admit that the theory upon which the sought removal the second time was the same as that under which they sought removal the first time. Chief Judge Keady unmistakably held that theory did not wash. Judge Russell could properly have concluded that the attempt to remove Muirhead's suit for fees a second time, after the Title VII action was transferred from the Northern District to the Southern District of Mississippi, was simply an attempt to take two bites at the removal apple, and consequently constituted bad faith.

The award of attorney's fees is within the sound discretion of the district court. Because Judge Russell did not abuse that discretion, we reject Muirhead's cross-appeal for an additur of attorney's fees.

AFFIRMED.