**ITT INDUSTRIAL CREDIT COMPANY,**
A Nevada Corporation,
Plaintiff–Appellee,

v.

**DURANGO CRUSHERS, INC., A Delaware Corporation; Roger Morrison,**
Defendants–Appellants.

No. 85–1976.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1987.

Decided Nov. 5, 1987.

Don Michael Blumenthal (Roger A. Morrison, Chevy Chase, Md., Joann Langston, on brief), for defendants-appellants.

Wayne G. Gracey (B. Marvin Potler, Schlachman, Potler, Belsky & Weiner, P.A., Baltimore, Md., on brief), for plaintiff-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

WILKINSON, Circuit Judge:

Durango Crushers, Inc. and Roger Morrison appeal the district court's award of attorneys' fees against them in connection with their attempt to remove an action from state court. We affirm.

In 1983, Durango entered into a security agreement with ITT Industrial Credit Co. and executed an installment note to ITT. Morrison, as president of Durango, personally guaranteed Durango's debt to ITT in a separate instrument. Durango defaulted

on the note in 1984, and ITT brought suit in Maryland state court against Durango and Morrison. Durango and Morrison sought removal under 28 U.S.C. § 1441 on the basis of diversity of citizenship.

Section 1441(b) forbids removal of a suit on the basis of diversity where a defendant is a citizen of the state in which suit is brought. Morrison was a resident of Maryland, but Durango and Morrison claimed that the entire suit could be removed under § 1441(c), which allows the removal of non-removable claims if they are joined with a "separate and independent claim or cause of action, which would be removable if sued upon alone." 28 U.S.C. § 1441(c) (1982). Diversity existed between ITT and Durango, and appellants contended that ITT's claims against them were separate and independent.

The district court, however, rejected that argument and granted ITT's motion to remand the entire case to state court. The removal statutes permit the award of "just costs" if a suit is "removed improvidently and without jurisdiction," 28 U.S.C. § 1447(c) (1982), and the district court awarded ITT attorneys' fees of $3,991 and costs of $25.93. Durango and Morrison contend that the district court erred in granting attorneys' fees.

■ Ordinarily, a district court may not award attorneys' fees absent express Congressional authorization. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Exceptions to the "American Rule," whereby each party pays its own attorney's fees, are matters of legislative providence. As the *Alyeska* court pointed out, however, courts do have inherent power to award attorney's fees against a party who has acted in bad faith. 421 U.S. at 258–59, 95 S.Ct. at 1622. The limited authority of the district courts to award fees as a sanction for a removal taken in bad faith is widely recognized. *See, e.g., Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir.1981); *Muirhead v. Bonar*, 556 F.2d 735, 737 (5th Cir.1977). Although § 1447(c) itself conveys no power on the district courts to award attorneys' fees, the district court did not err in awarding attorney's

fees against Durango and Morrison because their removal petition was so patently without merit that the "inescapable conclusion" is that it was filed in bad faith. *See Peltier v. Peltier*, 548 F.2d 1083, 1084 (1st Cir.1977).

■ It was clear at the time of the removal petition that Morrison was a citizen of Maryland, and that the appellants could not remove the suit under § 1441(b). It should have been clear to the appellants, and would have been clear to any reasonable attorney, that § 1441(c) provided no basis for the removal.

In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed.2d 702 (1951), the Supreme Court stated that "where there is a single wrong to plaintiff, for which relief is sought arising from an interlocked series of transactions, there is no separate and independent cause of action under § 1441(c)." Appellants are correct in observing that ITT's two claims were brought against two distinct parties and were based on two different instruments, but it is readily apparent that the claims grew out of "a single wrong ... arising from an interlocked series of transactions."

The guarantee of Morrison, as president of Durango, was a condition of ITT's loan to Durango. ITT's claims thus arise from a single transaction and a single debt. Durango and Morrison argue that the claims are separate and independent, but it would be nearly unthinkable for a creditor like ITT to seek to collect a debt in this situation without joining both the corporate debtor and the individual guarantor. The very purpose of a guarantee is to link the obligations of debtor and guarantor.

The removal statutes allow defendants to invoke federal jurisdiction in appropriate cases. They do not make of the courts a maze through which plaintiffs can needlessly be run in order to have their claims determined. The district court properly imposed sanctions for this abuse of the removal process. Its decision is hereby

AFFIRMED.