Joseph **BUCARY** and Patricia Bucary, Plaintiffs–Appellees,

v.

**R.L. ROTHROCK,** Defendant–Appellant.

No. 88–3786.

United States Court of Appeals, Sixth Circuit.

Submitted June 9, 1989.

Decided Aug. 15, 1989.

448

Sanford I. Atkin, Cleveland, Ohio, for plaintiffs-appellees.

Leo R. Ward, Patrick Carroll, Ward, Marein & Gillette, Cleveland, Ohio, for defendant-appellant.

Before KENNEDY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Defendant-appellant, R.L. Rothrock, appeals from the District Court's order forfeiting his removal bond as "just costs" pursuant to 28 U.S.C. § 1447(c) after the court determined that the case had been improperly removed to federal court. Al-

though defendant concedes that the District Court's order of remand to state court is not itself subject to appellate review, he contends that the District Court abused its discretion in awarding costs because the question of removability was close, and because two separate removal standards are supposedly employed in the Northern District of Ohio. We find no merit in these arguments. We do find, however, that the District Court abused its discretion in awarding costs in the amount of the removal bond ($250.00) without first determining the amount of costs actually incurred by plaintiffs. Accordingly, we shall reverse and remand for a specific determination of costs as set out in 28 U.S.C. § 1920.

I.

On March 7, 1988, plaintiffs Joseph and Patricia Bucary filed a complaint in the court of Common Pleas for Lake County, Ohio, against defendant R.L. Rothrock. Their complaint alleged false arrest and false imprisonment, and malicious prosecution by Rothrock, a police officer. They did *not* allege a violation of 42 U.S.C. § 1983, that the conduct was undertaken under color of state law, or that they were deprived of any Constitutional rights, privileges, or immunities. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

Defendant timely filed a petition for removal on April 7, 1987, asserting that the complaint stated a claim under section 1983. He argued that because the complaint stated that he was a police officer, he was acting under color of state law. Defendant further argued that because punitive damages are not available under state law, the claim must arise under section 1983.

The District Court rejected defendant's arguments, stating:

A review of the complaint indicates it is a claim for malicious prosecution and does not allege a violation under 42 U.S.C. § 1983. Therefore, the complaint does not state a claim properly within the jurisdiction of this Court. The claims asserted by the plaintiffs are properly

within the jurisdiction of the court of Common Pleas for Lake County, Ohio.

In light of the foregoing, the Court holds that the plaintiff's "motion in opposition to removal" shall be treated as a motion to remand, and is hereby GRANTED, and the Removal Bond is forfeited.

## II.

### A.

■■■ Section 1447(c) of the Judicial Code provides in relevant part:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

28 U.S.C. § 1447(c).[1] In order to secure such payment,

Each petition for removal ... shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

28 U.S.C. § 1446(d). Thus, it is within the District Court's discretion to award just costs when a case has been removed "improvidently and without jurisdiction." *See* 14A Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3739, at 586 & n. 36 (1985). The award "is enforceable against the bond filed with the removal petition." *Id.; see* 28 U.S.C. § 1446(d).

### B.

■■■ Defendant concedes that the decision to assess costs is within the District Court's discretion, but argues that it was error, *i.e.*, an abuse of discretion, to assess such costs because it was a close question whether section 1983 was implicated. Defendant argues that because his claim was not negligent or frivolous, it was therefore not "improvident." This argument is without merit.

First, if this Court were to accept defendant's argument, we would in effect be reviewing that which defendant concedes is unreviewable—the District Court's order of remand itself. 28 U.S.C. § 1447(d); *see Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 342–43, 96 S.Ct. 584, 588–89, 46 L.Ed.2d 542 (1976). If the case was not removed "improvidently and without jurisdiction," 28 U.S.C. § 1447(c), then the District Court should not have remanded the case. It is not possible to hold on the one hand that the case was not removed "improvidently and without jurisdiction" for bond purposes without implicitly reviewing and rejecting the District Court's order to remand.

Second, neither this Circuit nor any other Circuit has held that it is an abuse of discretion to award costs unless removal was negligent or frivolous. Admittedly, a district court will be more likely to award costs when a case is frivolous than when it is close, but this does not constitute a bright line for awarding costs. Moreover, while the removal question in the present case may not be frivolous, it is sufficiently weak for us to conclude that the District Court did not abuse its discretion in awarding costs.[2] As noted earlier, plaintiffs' complaint did not allege a violation of section 1983, that the conduct was undertaken under color of state law, or that they were deprived of any Constitutional rights, privileges or immunities. *See Parratt v. Taylor*, 451 U.S. at 535, 101 S.Ct. at 1912.

---

**1.** On November 19, 1988, the text of 28 U.S.C. § 1447(c) was amended. The Commentary on the 1988 revisions states that "[i]f any difficulty arises about applying the removal amendments in pending cases, the court should deem itself empowered to make whatever determination about retroactivity seems fair and equitable." 28 U.S.C. § 1441 ("Commentary on 1988 Revision"). Because the removal in the instant case occurred prior to the amendment, and because the amendment in no way affects the outcome of this case, we choose not to apply it retroactively.

**2.** The present case does not implicate the more stringent "bad faith" or "in the interest of justice" standards employed in awarding attorney's fees. *See Ray A. Scharer and Co. v. Plabell Rubber Prods., Inc.*, 858 F.2d 317, 320 (6th Cir. 1988); *Grinnell Bros. v. Touche Ross & Co.*, 655 F.2d 725 (6th Cir.1981).

### C.

There is no merit in defendant's second argument that two removal standards are employed in the Northern District of Ohio. Defendant describes the two standards as follows:

One standard, as employed by the District Court in the present case, provides that the federal claim must be expressly raised in the complaint. In the absence of an express assertion of a federal claim, it is assumed that the plaintiff only intended to raise a state claim, and therefore, the case is remanded to the state court for lack of jurisdiction.

Other judges in this district impose a different standard; that is, that the language of allegations in the complaint, rather than the claims raised by the plaintiff, are controlling on the issue of federal jurisdiction.

Defendant's Brief at 9–10 (citations omitted). We have reviewed the cases cited by defendant and find no inconsistency.

The general rule of removability is that a "federal question must appear in a well-pleaded complaint for an action to be removable as one arising under the Constitution or laws of the United States." *Striff v. Mason*, 849 F.2d 240, 244 (6th Cir.1988) (citing 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.160[3.–1] (2d ed. 1987)). An exception to the "well-pleaded" complaint rule, however, is that an action can be removed " 'where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized.' " *Id.* (citing Moore, at ¶ 0.060[3.–3] ). Defendant has simply failed to see that one set of cases employs the general rule, while the other set of cases employs the exception to that rule.

### III.

 Although we find no abuse of discretion in the District Court's decision to award costs, we do find such an abuse in ordering the forfeiture of the entire amount of the removal bond, $250.00, when the court made no specific finding that plaintiffs actually incurred costs and disbursements in that amount. The removal bond is meant to assure that payment is made; it is not meant to be the payment itself. *See* 28 U.S.C. § 1446(d), *supra.*

The Supreme Court has recently made it clear that, absent clear congressional intent to the contrary, federal courts are only authorized to award the specific "costs" set out in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). Section 1920 provides:

**Taxation of Costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter ...;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

We have found no evidence indicating that Congress intended to authorize the forfeiture of section 1446(d)'s removal bond as just costs under section 1447(c) beyond the specific costs set out in 28 U.S.C. § 1920. In the present case, most of the above costs would have been incurred by *defendant* rather than *plaintiffs.* Accordingly we find it necessary to remand this case to the District Court to make specific findings as to what *itemized* costs and disbursements allowed by section 1920, if any, were incurred by plaintiffs. *Cf. Dial–In, Inc. v. ARO Corp.*, 620 F.Supp. 27, 29 n. 3 (N.D.Ill.1985) ("The parties should be able to determine the amount of costs due Dial–In without the assistance of the Court and should then present an appropriate

draft order to the Court. If this proves not to be the case, Dial–In should promptly file with the Court a statement itemizing its costs.").

REVERSED and REMANDED for further findings consistent with this opinion.