917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Defendant-Appellee.
v.
Phyllis J. MASSEY, Personal Representative for the Estate of
Jeffrey C. Massey, deceased, Plaintiff-Appellant,
 No. 89-2387.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Acting in her capacity as personal representative of the estate of her late son, Jeffrey Massey, who committed suicide at the age of 24, plaintiff Phyllis Massey brought this action against several defendants under Michigan's wrongful death act. The facts of the case and its early procedural history are well summarized in the report filed by Magistrate Timothy P. Greeley on September 20, 1989; we shall not repeat what the magistrate said there.
 
 
 2
 On the magistrate's recommendation, the district court (Robert Holmes Bell, J.) filed an order on November 20, 1989, granting summary judgment in favor of the United States, the only defendant remaining before the court at that point. The court also affirmed an order in which Magistrate Greeley had denied a motion by Mrs. Massey for assessment of costs against defendant Harold Weiss on account of his removal of the case to federal court.
 
 
 3
 On appeal, Mrs. Massey argues that the district court erred in concluding that there was not shown to have been a triable issue of fact as to whether the suicide was a proximate result of the failure to advise the local county department of social services that Jeffrey had been sexually abused by defendant Weiss. Mrs. Massey also argues that the district court abused its discretion in refusing to assess costs against Weiss for removing the action. We find neither of these arguments persuasive, and we shall affirm the district court's judgment.
 
 
 4
 * Summary judgment is appropriate where the nonmoving party presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If a defendant's motion for summary judgment is to be denied, as the Supreme Court has stated, "there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 5
 Before a factfinder could reasonably have found for the plaintiff in the case at bar, evidence would have had to be presented showing that the failure of Public Health Service Officer Carson to notify the county department of social services was "a substantial factor" in causing the suicide. See Brisboy v. Fibreboard Corp., 429 Mich. 540, 418 N.W.2d 650, 653 (1988). We agree with the district court and the magistrate that there is no reason to believe that if this case had gone to trial Mrs. Massey would have been able to adduce evidence sufficient to withstand a motion for judgment on the issue of causation.
 
 
 6
 If Mr. Carson had made an oral report to the county department of social services on November 2, 1987, pursuant to Mich.Comp.L. Sec. 400.11a(1), the department would have had to commence an investigation within 24 hours to determine whether Jeffrey Massey was in need of protective services. But it is clear that Mr. Carson himself recognized the potential need for protective services and took appropriate steps to see that such services were available. It is undisputed that Mr. Carson promptly notified the Michigan State Police (apparently over Mrs. Massey's objection), notified Jeffrey's treating psychologist, ascertained that Jeffrey did not want additional psychological services, contacted a local attorney, made a report to the Suspected Child Abuse and Neglect Team, and apprised Jeffrey's guardian--his mother, Mrs. Massey--of the situation.
 
 
 7
 It is true that if the county department of social services had been contacted on November 2, the department would have been required to conduct an interview with Jeffrey, by telephone or otherwise. Mich.Comp.L. Sec. 400.11b(4). But there is no evidence that such an interview would have prevented the tragedy that occurred more than a month later, and any inference to that effect would necessarily rest on assumptions too speculative to be accepted in a court of law.
 
 
 8
 There has been no showing that whatever protective services the county department might have made available would have been more effective than the services Jeffrey actually received. There has been no showing that the services of Jeffrey's consulting psychologist were less than "appropriate"--and it is important to understand that the county's obligation would simply have been to make available "the appropriate and least restrictive protective services." Mich.Comp.L. Sec. 400.11b(6). There has been no showing that Jeffrey would have benefited from a change in psychologists. There has been no showing that the police would have been more aggressive if notified by a county official as opposed to a federal official. There has been no showing that the county would have done more than was done to prevent future abuse--and in view of the fact that Jeffrey had already left the employ of defendant Weiss, who had allegedly abused him at work, it is hardly surprising that the plaintiff was unable to point to any such proof. There has been no showing, finally, that the county would have done more than was done to give Jeffrey reassurance and emotional support.
 
 
 9
 As we read the district court's opinion, the court did not suggest that Mr. Carson's failure to report to the county was shown to have played a "causative role" in the suicide. If there was any such suggestion in the court's opinion, we disagree with it; this record affords no reason to believe that the failure to involve the county played any causative role whatever in the tragedy that occurred subsequently. With that qualification, we adopt the district court's opinion in its entirety, along with the report and recommendation of the magistrate.
 
 II
 
 10
 Mrs. Massey based her motion for costs on 28 U.S.C. Sec. 1447(c), which provides in relevant part:
 
 
 11
 "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis supplied.)
 
 
 12
 Whether to award costs under Sec. 1447(c) is a decision well within the discretion of the district court; this court will reverse the decision only if the district court abused its discretion. Bucary v. Rothrock, 883 F.2d 447, 449 (6th Cir.1989).
 
 
 13
 No abuse of discretion occurred in the case at bar. As the district court correctly noted, Mr. Weiss' petition for removal was neither motivated by bad faith nor used as a dilatory tactic. By alleging that defendant Weiss had violated Jeffrey's constitutional rights, moreover, Mrs. Massey's own pleadings provided him with a reasonable basis for believing that removal to federal court was proper.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, District Judge, United States District Court for the Middle District of Tennessee, sitting by designation