977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilnet Ashley BROWN, Plaintiff-Appellee,
v.
Elliott Roy BROWN, Defendant-Appellant.
 No. 92-1438.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 13, 1992.
Decided Sept. 28, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CA-92-117-A; T.S. Ellis, III, District Judge.
 Elliott Roy Brown, appellant pro se.
 Gwendolyn Jo M. Carlberg, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WILKINSON and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wilnet Ashley Brown, a Virginia resident, filed an action in state court seeking an order directing partition of property owned by Ms. Brown and her former husband Elliott Roy Brown, a New Jersey resident. Mr. Brown filed a petition to remove the action to the district court pursuant to 28 U.S.C.A. § 1441(a) (West Supp.1992), alleging diversity of citizenship as the basis for federal jurisdiction. He also filed an answer to the complaint and a counterclaim challenging the validity of a spousal support order entered by a state court, and seeking damages for Ms. Brown's attempts to date to collect money from him pursuant to the allegedly invalid decree.
 
 
 2
 Ms. Brown objected to the removal petition and sought a remand to state court, asserting that the case was a domestic relations matter not cognizable in the district court. She also moved for dismissal of Mr. Brown's counterclaim and sought costs and attorney's fees.
 
 
 3
 The district court denied the removal petition under 28 U.S.C.A. § 1447(c) (West Supp.1992), granted the motion to dismiss the counterclaim, and remanded the action to state court. The court also ordered Mr. Brown to pay $250 in costs and attorney's fees to Ms. Brown. Mr. Brown noted an appeal.[1]
 
 
 4
 An order denying a removal petition and remanding a case to state court is not appealable. 28 U.S.C. § 1447(d) (1988); Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir.1978). Therefore, we dismiss the appeal as to this portion of the district court's order.
 
 
 5
 The counterclaim filed by Mr. Brown challenged the validity of the decree entered by the state court, rather than the enforcement of an admittedly valid decree. As such, the counterclaim involved a domestic relations dispute, and was consequently not cognizable in federal court even though the parties had diverse citizenship. Wilkins, 581 F.2d at 403-04; see Ankenbrandt v. Richards, 60 U.S.L.W. 4532 (U.S.1990) (noting that action seeking decree of alimony not cognizable in federal court, but action seeking enforcement of valid decree cognizable if there is diversity of citizenship).[2]
 
 
 6
 Finally, the district court did not abuse its discretion in awarding costs and attorney's fees to Ms. Brown.[3] The district court may assess sanctions when denying a removal petition. § 1447(c); see also 28 U.S.C.A. § 1446(a) (West Supp.1992). This Court has permitted assessment of Fed.R.Civ.P. 11 sanctions when the removal petition was patently without merit, leading to the conclusion that removal was undertaken in bad faith. ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir.1987). The record supports the conclusion that the removal petition was a bad faith attempt by Mr. Brown to delay the proceedings. Therefore, we affirm the district court's assessment of sanctions against Mr. Brown.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 Ms. Brown moved to dismiss the appeal because Mr. Brown's informal brief was not timely filed. However, we deny the motion in light of the short delay in filing and Mr. Brown's pro se status
 
 
 [2]
 The dismissal portion of the order is appealable. See Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934)
 
 
 [3]
 The order assessing sanctions is appealable. News-Texan, Inc. v. City of Garland, 814 F.2d 216, 220 (5th Cir.1987)