The STATE OF ALASKA, for the Use and Benefit of REDOUBT PLUMBING & HEATING, Plaintiff,

v.

GENERAL INSURANCE COMPANY OF AMERICA, Defendant.

No. A93–093 Civil.

United States District Court,
D. Alaska.

July 8, 1993.

Michael A. Brain, Royce & Brain, Anchorage, AK, for plaintiff.

D. Kirby Wright, Jr., Hintze, Herrig, & Wright, Seattle, WA, for defendant.

### AMENDED ORDER

(Attorneys' Fees)

HOLLAND, Chief Judge.

Plaintiff seeks an award of attorneys' fees [1] pursuant to 28 U.S.C. § 1447(c) based upon this court's earlier order remanding this case to the courts of the State of Alaska. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The court has discretion to award attorneys' fees after remand based upon 28 U.S.C. § 1447(c) which provides:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the

---

**1.** Motion for Attorney's Fees, filed April 30, 1993, Clerk's Docket No. 7.

clerk of the State court. The State court may thereupon proceed with such case.

■ For the reasons and upon the authorities[2] relied upon by plaintiff, the court will exercise its discretion to make an award of attorneys' fees in this case. In addition the court relies in particular upon *Bucary v. Rothrock*, 883 F.2d 447 (6th Cir.1989). In *Bucary* the Sixth Circuit Court of Appeals held:

> Second, neither this Circuit nor any other Circuit has held that it is an abuse of discretion to award costs unless removal was negligent or frivolous. Admittedly, a district court will be more likely to award costs when a case is frivolous than when it is close, but this does not constitute a bright line for awarding costs. Moreover, while the removal question in the present case may not be frivolous, it is sufficiently weak for us to conclude that the District Court did not abuse its discretion in awarding costs.

*Bucary*, 883 F.2d at 449.

■ The foregoing comments by the Sixth Circuit Court of Appeals aptly fit this case. The court does not suggest that removal was made frivolously or in bad faith; but the court does feel that the removal petition was sufficiently weak that an award of attorneys' fees is appropriate. This is particularly so in the District of Alaska where the State has a long history of employing the English Rule as regards awarding attorneys' fees rather than the American Rule, that is, the State of Alaska under Alaska Civil Rule 82 routinely makes awards of attorneys' fees in civil cases to the prevailing party.

Counsel for plaintiff have provided the court with detailed billings of their charges in connection with these removal proceedings. Plaintiff is awarded attorneys' fees in the amount of $2,529.

---

**2.** State law governs the question of attorneys' fees in this diversity action. *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir.1979). The State of Alaska allows costs and attorneys' fees to the prevailing party. AS 09.60.010; Alaska Rule of Civil Procedure 82. Alaska Rule 82 is used by

this court for guidance in making these determinations. Local General Rule 21.1. Reasonable costs and fees incurred as a result of removal may be awarded under 28 U.S.C. § 1447(c), *Schmidt v. Association of Apartment Owners*, 780 F.Supp. 699, 704 (D.Hawaii 1991).