United States Court of Appeals,

Fifth Circuit.

No. 92-3576.

Francis J. MIRANTI, Plaintiff-Appellee,

v.

Andrew LEE, Defendant,

State Farm Mutual Automobile Insurance Company, Defendant-Appellant.

Oct. 7, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before DAVIS and DeMOSS, Circuit Judges, and ZAGEL[*], District Judge.

W. EUGENE DAVIS, Circuit Judge:

Defendant appeals an order remanding a case to state court and imposing costs and attorney's fees on the defendant. The appeal of the remand order itself having been previously dismissed, the sole question before us is the propriety of the cost and fee award. For the following reasons, we vacate the order imposing attorney's fees and affirm the order imposing costs.

I.

Following an automobile accident, plaintiff Francis J. Miranti sued Andrew Lee and his insurer, defendant-appellant State Farm Mutual Automobile Insurance Company, in state court. Plaintiff and the two defendants were of diverse citizenship, and State Farm removed the action within thirty days under § 1441[1] on the basis of diversity jurisdiction. Defendant Lee had not yet been served with process. Some two months later, upon the court's order for plaintiff to show cause why Lee should not be dismissed for failure to prosecute, plaintiff voluntarily dismissed Lee.

---

[*]District Judge of the Northern District of Illinois, sitting by designation.

[1]Section 1441 provides for removal "by the defendant or defendants" of any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a) (West Supp.1993). If original jurisdiction is based on diversity, then the action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b) (West 1973). Neither named defendant was a citizen of Louisiana.

With the dismissal of Lee, plaintiff's maximum recovery was limited to $25,000, State Farm's policy limit, which is less than the jurisdictional amount for diversity jurisdiction. After a trial and verdict for State Farm, the plaintiff moved to remand. The trial court granted the motion to remand. Additionally, "pursuant to the authority of 28 U.S.C. § 1447(c)," the court ordered that defendant "bear the costs of this proceeding as well as the attorney's fees of the plaintiff's counsel for having to participate in a totally unnecessary trial."

## II.

The first question we face is whether we have appellate jurisdiction to review the imposition of sanctions in view of the restrictions of § 1447(d). This subsection provides that "[a]n order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C.A. § 1447(d) (West 1973). There is no question but that if an order of sanctions had been entered under Rule 11 rather than § 1447(c), we would have jurisdiction to review it despite the statutory limitation on our review of the order of remand. *See Vatican Shrimp Co. v. Solis,* 820 F.2d 674, 680-81 (5th Cir.1987) (reversing Rule 11 sanctions for removal petition but refusing to review district court's remand), *cert. denied,* 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987). Or, if the court had awarded attorney's fees for bad faith removal, this court could review the award though the matter had been remanded. *See Muirhead v. Bonar,* 556 F.2d 735, 736 (5th Cir.1977).[2]

The Supreme Court has noted that

> motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." ... Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination

---

[2]Before the 1988 amendments to the removal statutes, an award of "just costs" was allowed if the suit was "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c) (1949), amended 1988. Under the American Rule that attorney's fees are not recoverable absent a statutory or contractual provision for them, fees were not allowed under the former statute unless counsel proceeded in bad faith or some other exception to the American rule applied. *See, e.g., Muirhead,* 556 F.2d at 736 (finding no abuse of discretion in award of fees pursuant to "bad faith" exception to the American rule).

The substance of subsection (d), restricting review of orders of remand, was not affected by the amendments.

of a collateral issue....

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395-96, 110 S.Ct. 2447, 2455-56, 110 L.Ed.2d 359 (1990) (alteration in original) (citation omitted). In *Cooter,* the Supreme Court concluded that because the sanction question was "independent" or "collateral," the district court retained jurisdiction to award fees even though it lacked jurisdiction over the rest of the case following its dismissal.

The Ninth Circuit has applied Cooter to a § 1447(c) award of fees, holding that the award is collateral to the decision to remand and is therefore reviewable. *Moore v. Permanente Medical Group,* 981 F.2d 443, 445-46 (9th Cir.1992). The Eleventh Circuit has specifically held that "Section 1447(d) does not ... exclude the district court's assessment of costs from appellant review." *Fowler v. Safeco Ins. Co.,* 915 F.2d 616, 617 (11th Cir.1990). Other circuits have reviewed awards of costs or fees following remand, implicitly recognizing that § 1447(d) does not shield such matters from review. See *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 239 (6th Cir.1993) (reviewing fee and cost award under § 1447(c) though order of remand not subject to review); *Bucary v. Rothrock,* 883 F.2d 447, 449-50 (6th Cir.1989) (reviewing exercise of district court's discretion in awarding costs under former § 1447(c) for improvident removal); *ITT Indus. Credit Co. v. Durango Crushers, Inc.,* 832 F.2d 307, 307-08 (4th Cir.1987) (reviewing district court's award of fees as a sanction for a removal taken in bad faith).

Guided by the above mentioned authorities which favor appellate review of a sanctions order (even if the remand order itself is not reviewable), we hold that § 1447(d) does not prohibit review by this court of the order of costs and fees.

### III.

In connection with the remand, the trial court ordered that "pursuant to the authority of 28 U.S.C. § 1447(c), defendant is to bear the costs of this proceeding as well as the attorney's fees of plaintiff's counsel." Reviewing the merits of this order, we start with the referenced code section, as amended in 1988:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C.A. § 1447(c) (West Supp.1993).

Nothing in this statute indicates how a court is to exercise its discretion in deciding whether to award costs and expenses. Under the former statute, an award of "just costs" was allowed if the case was "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c) (1949), amended 1988. Although references to "improvident" removal have been deleted, we are not persuaded that Congress intended for routine imposition of attorney's fees against the removing party when the party properly removed.

According to a commentary on the 1988 revision, the propriety of the defendant's action in removing the action is central to the determination whether fees are awarded along with costs:

> subdivision (c) now authorizes the court to add "actual expenses, including attorney fees", *should it find that it was improper for the defendant to remove the case.* The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand.

Commentary on 1988 Revision by David D. Siegel following 28 U.S.C.A. § 1447 (West Supp.1993) (emphasis added).

Courts considering fee awards under § 1447(c) invariably take into consideration the defendant's decision to remove. See *Vatican Shrimp,* 820 F.2d at 681 (considering complexity and uncertainty of the law on the removal issue in evaluating sanctions); see also *Moore,* 981 F.2d at 447 (finding some evaluation of merits of remand necessary to review attorney's fee award, regardless of the standard of review); *but see Bucary,* 883 F.2d at 449 (refusing to review defendant's arguments because to do so would amount to review of the remand); cf. *Morgan Guaranty Trust Co. v. Republic of Palau,* 971 F.2d 917, 923 (2d Cir.1992) (observing that the statute as amended "makes no reference at all to the state of mind or intent of the party removing the action"). Although the *Bucary* court seemingly eschewed consideration of the merits of the defendant's argument for removal, it nevertheless considered the "weakness" of "the removal question" in evaluating the district court's exercise of discretion. *Bucary,* 883 F.2d at 449. Similarly, the *Morgan Guaranty* court, which noted that bad faith is no longer required for a fee award under the amended statute, affirmed the award of attorney's fees against the removing defendant only after finding some fault with the

defendant's tactics. *Morgan Guaranty,* 971 F.2d at 923, 924.

In accordance with Professor Siegel's commentary and the jurisprudence, we hold that the propriety of the defendant's removal continues to be central in determining whether to impose fees.

To determine whether removal jurisdiction existed, defense counsel had only to consider the complaint at the time the petition for removal was filed. See *Nolan v. Boeing Co.,* 919 F.2d 1058, 1063 n. 5 (5th Cir.1990), *cert. denied,* --- U.S. ----, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991)); *Brown v. Southwestern Bell Tel. Co.,* 901 F.2d 1250, 1254 (5th Cir.1990); *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). The district court did not criticize the defendant's decision to remove based on the allegations of the complaint. The conduct criticized by the judge was defense counsel's failure to divulge its $25,000 policy limit until the morning of trial. This conduct occurred well after the removal. As of the date of removal, both State Farm and its insured, Lee, were still in this case, because defendant Lee had not as yet been dismissed. The state court petition alleged that plaintiff sustained "neck and shoulder injuries, including the aggravation of an osteoarthritic condition and possibly a torn rotator cuff among other injuries." With Lee present in the suit, the plaintiff's possible damages could have exceeded the policy limits and indeed the $50,000 requirement for diversity jurisdiction.

The plaintiff would disregard Mr. Lee, the second defendant, because he was never served. Yet Title 28 does not oblige a defendant to wait until all co-defendants are served before removing. A defendant may remove a case without joinder of a non-served, non-resident defendant. See 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3731 at 509-10 (1985); see also 28 U.S.C.A. § 1448 (West 1973) (providing for service of process on unserved defendants after removal).

In this case, plaintiff requested judgment in no specific sum in the state court suit, consistent with Article 893 of the Louisiana Code of Civil Procedure. The defendant was unable to persuade plaintiff to stipulate that his damages were less than $50,000. At the time of the removal, defense counsel reasonably considered the potential for a judgment against Lee as well as State Farm, as counsel could not foresee Lee's dismissal. *Cf. St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.

283, 292-93, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) (events occurring *after* removal which reduce amount in controversy do not oust district court's jurisdiction once it has attached); *Federal Savings & Loan Ins. Corp. v. Griffin,* 935 F.2d 691, 696 (5th Cir.1991) (dismissal of a party *after* removal does not affect propriety of the removal), *cert. denied,* --- U.S. ----, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992).

We find no impropriety in State Farm's removal of the complaint as it appeared at the time of the removal and the district court erred in awarding attorneys fees against defendant.

As for costs, we find nothing in the jurisprudence to suggest that the court abused its discretion in ordering defendant to pay costs of the proceedings. An award of costs has never been predicated on a finding of bad faith or negligent or frivolous removal. *See News-Texan, Inc. v. City of Garland,* 814 F.2d 216, 220 (5th Cir.1987); *Bucary,* 883 F.2d at 449. According to the above quoted commentary on the 1988 amendment, fees should be awarded only if it was improper for the defendant to remove; no such restriction on a court's discretion to award costs is suggested in the amendment.

The award of fees is therefore vacated, but the order awarding court costs is affirmed. Because the rest of this case has been remanded to state court, the district court has no further jurisdiction and remand to that court is unnecessary.

VACATED in part and AFFIRMED in part.