**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20478
Summary Calendar

FREDERICK P. WILLIAMS,
RACHEL D. WILLIAMS,

Plaintiffs-Appellees,

versus

RICE FOOD MARKETS INCORPORATED, doing business as
Rice Epicurean Market; RICE PROPERTIES INCORPORATED;
KENT MILTON, in his capacity as Personnel Director, Rice Food
Markets Incorporated,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-4208

July 22, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rice Food Markets and Rice Properties (collectively, the "Appellant") appeal three orders the

district court has issued in this case. For the reasons that follow, we affirm.

The first order, entered on February 20, 1998, granted Frederick P. Williams and Rachel D.

Williams's (collectively, the "Appellee") motion to remand and sanctioned the Appellants in

the amount of $2,500.00 after finding that the removal was improper and sought for the purpose of

delay. On March 5, 1998, the district court entered a second order clarifying that the removal of the

Appellees' case from state court violated Rule 11(b)(1) of the Fed. R. Civ. P. and explained that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

amount sanctioned equaled the Appellee's attorneys' fees associated with the improper removal. In a third order, entered on April 27, 1998, the district court denied the Appellants' motion for reconsideration of the two previous orders.

This court does not have jurisdiction to hear either the February 20, 1998 order or the March 5, 1998 order. Under Federal Rule of Appellate Procedure 4,

> A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal . . . within [thirty days] measured from the entry of the order disposing of the last such remaining motion.

FED. R. APP. P. 4(a)(4)(B)(ii). Inasmuch as the March 5, 1998 order clarified the February 20, 1998 order, we find that the district court properly entered the later judgment pursuant to Fed.R. Civ. P. 60(b). Accordingly, the Appellants had thirty days to appeal the March 5, 1998 order. See id. The Appellants did not file their notice of appeal until May 20, 1998; therefore, it is untimely and we are without jurisdiction to adjudicate an appeal from those orders.

The April 27, 1998 order denying Appellants' motion for reconsideration was timely appealed to this court. We review the district court's denial of a motion for reconsideration for abuse of discretion. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993); Teal v. Eagle Fleet Inc., 933 F.2d 341, 347 (5th Cir. 1991). We concede that by reaching the merits of the appeal from the April 27, 1998 order, we implicitly reach the very issues raised in the February 20, 1998 and March 5, 1998 orders. Nevertheless, we are unable to say that the district court abused its discretion in denying the motion for reconsideration. The focus of Appellants' appeal centers on the award of attorney fees for improperly removing the case to federal court.

The question we face is whether the district court erred in awarding attorney fees and costs under 28 U.S.C. § 1447(c). We start with the text of the statute itself. Section 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, *incurred as a result of removal.*

28 U.S.C.A § 1447(c) (West 1998)(emphasis added).  According to the House Report, § 1447(c) "will ensure that a substantive basis exists for requiring payment of actual expenses incurred in resisting improper removal."  H.R.Rep. No. 100-889, reprinted in 1988 U.S.C.A.N. 6033.

In Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993), this court recognized that nothing in 28 U.S.C.A. § 1447 (c) indicates how a court is to exercise its discretion in deciding whether to award costs and expenses.  Nevertheless, the propriety of the defendant's action in removing the action is central to the determination of whether fees are awarded.  Miranti, 3 F.3d at 928. We applied this principle in Avitts v. Amoco Production Co., 111 F.3d 30 (5th Cir. 1997).  There, we held that the court's discretion to award attorney's fees pursuant to  § 1447 (c) is triggered only if the court first finds that the defendant's decision to remove was improper.  Id. at 32 (citing Miranti, 3 F.3d at 928). We determine the propriety of removal by considering the complaint at the time the petition for removal was filed.  See id.

In Avitts, we interpreted § 1447(c) as permitting an award of costs incurred in federal court that would not have been incurred had the case remained in state court.  Id.  However, "[a]n award of costs has never been predicated on a finding of bad faith or negligent or frivolous removal." Miranti, 3 F.3d at 928 (citing News-Texan, Inc. v. City of Garland, 814 F.2d 216, 220 (5th Cir. 1987) and Bucary v. Rothrock, 883 F.2d 447, 449 (5th Cir. 1989)).  With this framework in mind, we turn to the merits of this appeal.

We affirm the district court's denial of the motion for reconsideration because the district court's award of attorneys' fees was proper under 28 U.S.C. § 1447(c).  The district court found that the Appellants had improperly removed the case to federal court.  The district court supported its finding with a discussion of the facts and the relevant case law.  The Appellants have failed to demonstrate any abuse of discretion on the part of the district court.  We are likewise unable to find an abuse of discretion based on our review of the record.

AFFIRMED.

3