IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20002
Summary Calendar
_____

HENRY L. CASH, SR.; EMMIT DAVIS; AUSTIN RILEY;
CLEVELAND ROBINSON, JR.; JOE VALENTINE,

Plaintiffs-Appellees,

versus

CAMCO INTERNATIONAL, INC.; REED TOOL COMPANY,

Defendants-Appellants.

_____

WILFORD M. BOOKER; LIONEL CARMAN; GOREE CHATMAN, JR.; LEVANT
CHERRY; LINCOLN COMO; HERMAN COOK; ANNIE DEAMS; EDDIE DICKEY;
CLAUDIA L. ERVIN; ARTHUR RAY HARRISON; JAMES JACKSON; MATTIE
L. JOHNSON; EDWARD L. MCGOWAN; ALVIN NMN SMITH; FLEET SPENCER;
CHARLES NMN TAYLOR; MILTON WINTERS,

Plaintiffs-Appellees,

versus

CAMCO INTERNATIONAL, INC.; REED TOOL COMPANY,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(98-CV-2892) & (98-CV-2893)
--------------------

January 26, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Defendants appeal an order remanding the Booker lawsuit to state court and imposing costs and attorneys fees on the defendants. The Booker lawsuit was remanded to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Orders remanding cases pursuant to 28 U.S.C. § 1447(c) are not reviewable on appeal, by mandamus or otherwise, except in civil rights cases. 28 U.S.C. § 1447(d); Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1026 (5th Cir. 1991). Defendants argue that § 1447(d) does not prohibit us from voiding the order remanding Booker because defendants are not asking for a review of the remand on the merits. Rather, argue defendants, the misfiling of their Motion to Consolidate the Booker and Cash lawsuits, followed by Judge Harmon's subsequent granting of that motion, rendered Judge Hoyt's previous remand of Booker void ab initio.

This argument is resourceful and imaginative but fatally flawed, as the language of § 1447(d) is clear: "An order remanding a case to the State court from which it was removed is not reviewable on appeal . . . ." In addition, we have determined previously that when a district court clerk mails a certified copy of the remand order to the state court, the district court is immediately divested of jurisdiction. See Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984). Accordingly, when here the clerk mailed a certified copy of the order remanding Booker to the state court, the district court no longer had jurisdiction over the Booker claim. We therefore dismiss defendants' appeal of the remand order for want of jurisdiction. To that end, we note that Judge Harmon's order consolidating the Cash and Booker lawsuits is

void <u>ab</u> <u>initio</u>, as it was issued after Judge Hoyt's remand of the <u>Booker</u> lawsuit to state court.

Defendants also appeal the district court's order imposing $600.00 in costs and fees against them for the improper removal of <u>Booker</u>. In reviewing an award of sanctions against a defendant in connection with a post-removal remand decision, we must examine the legal propriety of the removal itself. <u>Avitts v. Amoco Production Co.</u>, 111 F.3d 30, 32 (5th Cir. 1997); <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993). "To determine whether removal jurisdiction existed, defense counsel had only to consider the complaint at the time the petition for removal was filed." <u>Id.</u> at 928. A review of plaintiffs' petition at the time of removal as well as defendants' arguments in favor of removal indicate that defendants presented a colorable claim of federal jurisdiction. <u>See</u> <u>Id</u>. We therefore vacate the award of fees against defendants.

As for court costs, we noted in <u>Miranti</u> that such an award has never been predicated on a finding of bad faith or negligent or frivolous removal. 3 F.3d at 929. According to a commentary on the 1988 revision of § 1447(c), attorneys' fees should be awarded only if it was improper for the defendant to remove. <u>Miranti</u>, 3 F.3d at 928 (citing Commentary on 1988 Revision following 28 U.S.C.A. § 1447 (West Supp. 1993)). No such restriction on a court's discretion to award court costs is suggested in the amendment, however. <u>Id</u>.

The award of attorneys' fees is therefore vacated, but the order awarding court costs is affirmed. As Judge Hoyt's order

3

remanding Booker did not itemize the $600 award between fees and costs, however, we direct the district court to separate the $600 into attorneys' fees and court costs, of which defendants are responsible only for the latter.

APPEAL OF ORDER REMANDING BOOKER DISMISSED FOR LACK OF JURISDICTION; APPEAL OF SANCTIONS VACATED IN PART AND AFFIRMED IN PART; REMANDED FOR PURPOSE OF APPORTIONING SANCTIONS INTO COSTS AND FEES.