**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30008

MARIAN DIECIDUE ROLF, INDIVIDUALLY AND AS TUTRIX OF HER MINOR CHILDREN, KEVIN PATRICK ROLF, JOSEPH EDWARD ROLF, NANCY CLARE ELIZABETH ROLF, AND JAMES EDWARD ROLF, III

Plaintiff - Appellee

VERSUS

ACCESS TO ADVENTURE, INC.; ET AL

Defendants

ACCESS TO ADVENTURE, INC., CERTAIN UNDERWRITERS AT LLOYD'S Subscribing to master contract number LOG 132 and certificate number RV 01 512 025; WORLDWIDE OUTFITTERS AND GUIDES ASSOCIATION; WORLDWIDE OUTFITTERS AND GUIDES ASSOCIATION, INC.; AND KRISTEN THOMAS

Defendants - Appellants

Appeals from the United States District Court
For the Eastern District of Louisiana
01-CV-3056-S

November 8, 2002

Before DAVIS, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under

This case requires us to consider whether a district court order granting an unquantified amount of costs, expenses and attorney's fees in connection with a 28 U.S.C. § 1447(c) remand is a final appealable order. We find that it is not and grant the appellees', Rolf et al., Motion to Dismiss the Appeal.

Under 28 U.S.C. § 1291, we may only review a district court's decision if it is "final." A decision is "final" within the meaning of § 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." St. Louis I. M. & S. RY Co. v. Southern Express Co., 108 U.S. 24, 28-29 (1883). Although the decision to remand an action to state court under 28 U.S.C. § 1447(c) is not subject to appeal, a judgment awarding costs, expenses and attorney's fees for improper removal under 28 U.S.C. § 1447(c) is appealable. 28 U.S.C. § 1447(d); Miranti v. Lee, 3 F.3d 925, 930 (5th Cir. 1993). However, "[a]n order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain." Southern Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 131 (5th Cir. 1993). Thus, this court lacks jurisdiction under § 1291 to entertain this appeal.

The Motion to Dismiss is GRANTED. The Motion for Sanctions is DENIED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.