UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11305
Summary Calendar
_____

ROBERT B. REICH, Secretary,
U. S. Dept. of Labor,

Plaintiff-Appellee,

and

PENSION BENEFIT GUARANTY CORPORATION,

Plaintiff-Counter Defendant-Appellee,

versus

THOMAS LUNDBERG,

Defendant-Counter Defendant,

SAMUEL LONGO; JOE F. WALL; JOHN SANDERS;
127 INC.; CAPITAL GENERAL CORP.,

Defendants,

and

DAVID J. BOATRIGHT,

Defendant-Counter Claimant-Appellant,

and

THOMAS LUNDBERG,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:88-CV-2470-X)

_____

June 12, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Subsequent to the second appeal of this action being final, David J. Boatright moved for sanctions pursuant to FED. R. CIV. P. 56(g) (allowing sanctions against party presenting affidavits in support of summary judgment in bad faith or solely for purpose of delay). The district court ruled that it lacked jurisdiction.

The district court did not lack jurisdiction over the collateral motion for sanctions. *See Miranti v. Lee*, 3 F.3d 925, 927 (5th Cir. 1993). Nevertheless, reversal is not required because Boatright is not entitled to relief under Rule 56(g),in that no affidavit in support of summary judgment was relied upon in the voluntary dismissal of this action. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981) (reversal inappropriate if district court ruling of can be affirmed on any grounds, regardless of whether those grounds were relied on by district court).

Boatright's motions to void removal of a party and to file a corrected brief are **DENIED** as moot.

*AFFIRMED; MOTIONS DENIED*

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.