**Robert W. RICHMOND, On Behalf of Himself and All Others Similarly Situated, and on Behalf of the General Public of the State of California, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, et al., Defendants.**

**Civ. No. 95–196–B (CGA).**

United States District Court,
S.D. California.

April 25, 1995.

William S. Lerach, Alan M. Mansfield, Frank J. Janecek, Jr., and Timothy G. Blood of Milberg Weiss Bershad Hynes & Lerach, San Diego; Alan M. Caplan, Philip Neumark, and April M. Strauss of Bushnell, Caplan & Fielding, San Francisco; and Alan Mayer, San Rafael, appeared on the briefs, for plaintiffs.

Peter H. Klee and Charles A. Danaher of Luce, Forward, Hamilton & Scripps, San Diego, appeared on the briefs, for defendants.

ORDER DENYING PLAINTIFFS' MO-
TION TO REMAND AND RESET-
TING DEFENDANTS' MOTION TO
DISMISS

BREWSTER, District Judge.

## I. BACKGROUND

This action arises out of certain insurance policies for personal property issued by defendant Allstate Insurance Company.[1] Plaintiff Richmond brings this action on behalf of himself and all similarly situated persons seeking declaratory relief that defendants have violated California Insurance Code § 381.2. The proposed class consists of California residents who have been paid less than the full value stated in their Allstate insurance policies for total losses of personal property. In the case of representative plaintiff Robert W. Richmond, the stated value of the sailboat under the policy was $25,000, and Allstate allegedly refused to pay this amount when the boat suffered a total loss due to fire, but instead offered Richmond as low as $14,500.

The first cause of action in the Complaint is for breach of contract. The second cause of action is for declaratory relief; in attempting to pay amounts less than due under the policies, Allstate is alleged to have caused plaintiffs loss of policy benefits, humiliation, mental anguish, and emotional and physical distress, justifying compensatory and punitive damages. The third cause of action is for breach of good faith and fair dealing. The fourth and fifth causes of action are for violations of California Business and Professions Code § 17200, et. seq.; unfair competition and unlawful business practices, based on violations of Insurance Code § 381.2 and § 790.03 respectively. The sixth and final cause of action is brought under the Consumers Legal Remedies Act, California Civil Code § 1750, et. seq., and seeks an injunction against Allstate's wrongful acts and practices.

Pending before this Court is plaintiffs' motion for remand to the Superior Court of the State of California. After due consideration of the papers filed both in support of and in opposition to plaintiff's motion for remand, the Court hereby DENIES plaintiff's motion.

## II. DISCUSSION

### A. Diversity Jurisdiction Generally

Allstate argues that removal was proper in this case on the basis of diversity jurisdiction. Section 1332 of 28 U.S.C. provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, and is between citizens of different states ..." It is undisputed that there is complete diversity in this case. Defendant Allstate Insurance Company is a citizen of Illinois, and defendant Allstate Corporation is a citizen of Illinois and Delaware. Plaintiff Richmond is a citizen of California. *See Snyder v. Harris,* 394 U.S. 332, 339–40, 89 S.Ct. 1053, 1058–59, 22 L.Ed.2d 319 (1969) (in class actions, only citizenship of representative plaintiff considered for diversity purposes), *reh'g denied,* 394 U.S. 1025, 89 S.Ct. 1622, 23 L.Ed.2d 50 (1969). Thus, the focal issue is the amount in controversy requirement.

### B. The Amount in Controversy Requirement in this Case

Each class member's claim in this class action must satisfy the jurisdictional amount for diversity jurisdiction to attach. *Snyder v. Harris,* 394 U.S. 332, 336, 89 S.Ct. 1053, 1056–57, 22 L.Ed.2d 319 (1968) (claims by class members may not be aggregated); *Goldberg v. CPC International, Inc.,* 678 F.2d 1365, 1367 (9th Cir.1982), *cert. denied,* 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982). Generally, the amount in controversy is to be decided from the complaint itself. *Horton v. Liberty Mutual Insurance Company,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961), *rehg. denied,* 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961). This calculation takes into account claims for "general" damages and "special" damages (pain and suffering, as well as out-of-pocket

---

1. Defendant Allstate Insurance Company is a wholly owned subsidiary of defendant Allstate Corporation. Allstate Insurance Company and Allstate Corporation are hereinafter collectively referred to as "Allstate."

loss). The amount in controversy may also include punitive damages if recoverable as a matter of law and attorney fees if recoverable by statute or contract. The amount in controversy does not include accruing or accrued interest or the costs of the suit. 28 U.S.C. § 1332(b) (West 1993 & Supp.1994).

As the Ninth Circuit stated in *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir.1992), "[i]f it is unclear what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." 980 F.2d at 566–67. The defendant may not meet this burden by simply reciting some "magical incantation" to the effect that "the matter in controversy exceeds the sum of $50,000," but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds $50,000. *Id.* at 567. The recurring theme of the Complaint in this case is that "the exact amount of damages caused to the class members cannot be precisely determined without access to defendants' records." Complaint ¶ 12. Thus, the exact amount of damages sought by plaintiffs cannot be ascertained with any degree of certainty from the Complaint itself. Allstate contends that it has met its burden of pointing to specific claims and underlying facts to support its assertion that the amount in controversy exceeds $50,-000. After a thorough review of the pleadings on file, the Court agrees.

### 1. Policy Benefits

With regard to policy benefits, plaintiffs make no specific demand for damages, but instead, generally allege, "[a]s a result of the foregoing, plaintiff and the class he represents have been damaged in amounts to be proven at trial." Complaint ¶ 25. In the particular case of representative plaintiff Richmond, the policy benefits appear to be capped at $25,000—the value of the personalty as stated in the policy. There are no allegations regarding the policy benefits owing to other class members.

### 2. Attorneys' Fees

Attorneys' fees are included in the amount in controversy if recoverable by statute or contract. Potential attorneys' fees are to be attributed *pro rata* to each class member. *Goldberg v. CPC International, Inc.*, 678 F.2d at 1367 (rejecting defendants' contention that potential attorneys' fees should be attributed either to named plaintiffs only or to the class as a whole and treated as a common fund). Each plaintiff here may be entitled to recover attorney's fees on the bad faith allegation. However, fees attributable to obtaining any portion of the plaintiffs' award which exceeds the amount due under the policy are not recoverable. *Brandt v. Superior Court*, 37 Cal.3d 813, 819, 210 Cal. Rptr. 211, 693 P.2d 796 (1985). Plaintiffs also seek attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 (attorneys' fees in cases resulting in public benefit). However, at this early point in the litigation, the Court cannot determine what the likely recovery of attorneys' fees, if any, will be.

### 3. Emotional Distress Damages

Plaintiffs also appear to seek emotional distress damages in an uncertain amount: "[a]s a proximate result of the aforementioned misrepresentations by Allstate, plaintiff and the class have suffered humiliation, mental anguish, and emotional and physical distress and have been injured in mind and body in an amount to be proven at the time of trial." Complaint ¶ 35. The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.

### 4. Punitive Damages

Punitive damages are also included in calculating the amount in controversy if they are recoverable as a matter of law. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 6, 88 L.Ed. 15 (1943). Under California law, punitive damages are recoverable against an insurance company that breaches the implied covenant of good faith and fair dealing. *See, e.g., Neal v. Farmers Insurance Exchange*, 21 Cal.3d 910,

922–23, 148 Cal.Rptr. 389, 582 P.2d 980 (1978) (approving an award of punitive damages in the amount of $749,011.48 where compensatory damages were $9,573.65); *Downey Savings & Loan Association v. Ohio Casualty Insurance Company,* 189 Cal. App.3d 1072, 1099, 234 Cal.Rptr. 835 (1987) (upholding punitive damages equal to 32 times the award of compensatory damages), *cert. denied,* 486 U.S. 1036, 108 S.Ct. 2023, 100 L.Ed.2d 610 (1988). In California, the wealth of the defendant is an important factor in determining the award of punitive damages. *Adams v. Murakami,* 54 Cal.3d 105, 110, 284 Cal.Rptr. 318, 813 P.2d 1348 (1991). Allstate's net worth—over $15 billion according to paragraph 7 of the Complaint—makes it likely that any award of punitive damages will be a substantial figure for each plaintiff.

■ Plaintiffs counter that in their Notice of Claim for Punitive Damages, filed in Superior Court on January 13, 1995, plaintiffs have voluntarily limited their request for punitive damages to $10,000 per class member. However, the very next sentence in the Notice states "[p]laintiff reserves the right to modify his request for punitive damages as discovery and the prosecution of this action and the trial warrant, and subject to the right of a jury to enter a higher or lower punitive damage award." In light of this qualification, plaintiffs have not really limited their claim for punitive damages. They are certainly not bound by the Notice.

■ Thus, although plaintiffs have not made any explicit demands for over $50,000, plaintiffs make no binding representation that they seek any less than that amount in the face of Allstate's offer of proof that the bad faith insurance claims asserted here overwhelmingly result in verdicts well over the jurisdictional amount, and rarely, if ever, result in a verdict less than $100,000 per plaintiff. The Court finds that Allstate has met its burden of satisfying the amount in controversy requirement, and the Court therefore has diversity jurisdiction over the matter.

In light of the Court's ruling on diversity jurisdiction, the Court declines to rule on the issue of removal on the basis of admiralty jurisdiction.

### III. CONCLUSION

As a result of the above findings, the Court DENIES plaintiff's motion for remand.

Allstate's motion to dismiss, which was filed on February 15, 1995, shall be heard on May 15, 1995 at 10:30 am. Plaintiffs' Opposition, if any, shall be filed and served no later than 4 pm on May 1, 1995. Allstate's Reply, if any, shall be filed and served no later than 4 pm on May 8, 1995.

IT IS SO ORDERED.