[No. A071513. First Dist., Div. Two. May 6, 1997.]

DAVID CLAYTON, Plaintiff and Respondent, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant and
Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III. A, III. B, III. C, III. D, III. E, III. F, III. G, III. H and III. J.

**COUNSEL**

Ropers, Majeski, Kohn & Bentley, Michael J. Brady, Laura L. Reidenbach, Gassett, Perry & Frank, Jacquelyn K. Wilson, Howard, Moss, Loveder, Strickroth & Walker and Robert J. Moss for Defendant and Appellant.

Ellen Lake, Seltzer & Cody and Richard A. Seltzer for Plaintiff and Respondent.

**OPINION**

**HAERLE, J.—**

### I. INTRODUCTION

This appeal arises out of a "bad faith" action brought by David Clayton (Clayton) against his long-term insurance company United Services Automobile Association (USAA) based upon USAA's conduct in attempting to settle for a fraction of the policy limits Clayton's underinsured motorist claim for the death of his 15-year-old only child in an automobile accident. The jury awarded Clayton $429,310 in compensatory damages (of which $400,000 was allotted as compensation for emotional distress) and $3.9 million in punitive damages. USAA appeals urging numerous grounds for reversal of the judgment or reduction of the damages. In the published portion of the opinion, we reject USAA's contention that the trial court erred in failing to instruct the jury that it was permitted to award emotional distress damages only if Clayton's distress flowed from a substantial economic loss caused by USAA's conduct. In the unpublished portions of the opinion, we reject USAA's remaining claims and affirm the judgment.

### II. FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. DISCUSSION

A.-H.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*I. The Law Does Not Require Emotional Distress to Flow From Economic Loss or to Be Severe.*

■ USAA next argues that reversal is required due to the trial court's failure to instruct the jury that it was permitted to award emotional distress damages only if Clayton's distress flowed from a "substantial economic loss" caused by USAA's conduct.[2] We conclude that the trial court properly rejected these special instructions because they misstate the law.

---

*See footnote, *ante*, page 1158.

[2]USAA's proposed instructions read as follows:

"You may award damages for emotional distress only to the extent that you find David Clayton suffered emotional distress as the result of substantial economic loss legally caused by the wrongful conduct of USAA, as required by these instructions."

"Emotional distress alone, even if caused by USAA's conduct is not sufficient for an award of damages. Rather any emotional distress David Clayton suffered must have arisen from a

After reviewing the pertinent authorities, we conclude that respondent's explanation of the governing rules is correct: "[P]laintiff in a bad faith case must prove some economic loss as a means of validating the seriousness of his or her emotional distress. Once economic loss is shown, however, the plaintiff is entitled to recover for all emotional distress proximately caused by the insurer's bad faith without proving any causal link between the emotional distress and the financial loss." (See *Waters* v. *United Services Auto. Assn.* 1996 41 Cal.App.4th 1063 [48 Cal.Rptr.2d 910] [analyzing pertinent Supreme Court authority].)

We acknowledge that support for USAA's contention can be found in *Blake* v. *Aetna Life Ins. Co.* (1979) 99 Cal.App.3d 901 [160 Cal.Rptr. 528] (*Blake*). We are not convinced, however, that *Blake* correctly reflects the law of this state. In that case, plaintiff's husband died from an overdose of a dangerous barbiturate. The plaintiff made a claim under a life and accidental death policy, but presented no proof (as required by the policy) that her husband's death was an accident rather than a suicide. The insurer immediately paid the life insurance claim, but continued to investigate the accident claim. Plaintiff eventually filed a bad faith action that resulted in an award of $10,000 for emotional distress. The insurer appealed.

The Court of Appeal reversed the judgment, finding as a matter of law that the insurer had acted reasonably in withholding payment of the accidental death claim. As a second ground supporting reversal, the court found that plaintiff's emotional distress was not caused by financial hardship resulting from the nonpayment of the claim. This alternate holding was premised upon fact patterns "customarily" found in bad faith cases where emotional distress awards were upheld. (*Blake, supra,* 99 Cal.App.3d at p. 925.) As an example of such a case, the *Blake* court cited *Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452 [113 Cal.Rptr. 711, 521 P.2d 1103]. The emotional distress suffered by the plaintiff in *Silberg* did arise from the insurer's failure to promptly pay plaintiff's claim. Nothing in the language employed by our Supreme Court, however, indicates that in order to be compensable the emotional distress must arise from "financial deprivation traceable directly to nonpayment of the claim." (*Blake, supra,* 99 Cal.App.3d at p. 925.) Rather, the court wrote: "[v]iolation of the duty [of good faith] of the insurer sounds in tort . . . and an insured may recover for all detriment resulting from such violation, including mental distress." (*Silberg* v. *California Life Ins. Co., supra,* 11 Cal.3d at pp. 460-461.) We are convinced that no *requirement* that emotional distress flow from financial hardship attributable to nonpayment can be found in the cases cited by the *Blake* court in support

substantial economic loss that resulted from USAA's conduct in the handling of David Clayton's wrongful death claim."

of its rather startling (and unnecessary) departure from established law. Therefore, even though Clayton did not suffer financial hardship from nonpayment of his claim, his economic damages of nearly $30,000 validated the seriousness of his claim and he was entitled to recover for the emotional distress caused by USAA's conduct.[3]

With respect to USAA's argument that the jury should have been instructed that, in order to be compensable the emotional distress suffered must have been "severe, substantial or enduring," we note that USAA never requested such an instruction. Furthermore, our Supreme Court has rejected any such a requirement. (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 480, 579-580 [108 Cal.Rptr. 480, 510 P.2d 1032].)[4]

Accordingly, the trial court did not err in rejecting the proffered instructions and instructing the injury as it did on this subject.

J.  *The Award of Punitive Damages Is Supported by Substantial Evidence and Is Not Excessive.†*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## IV.  Disposition

The judgment is affirmed. Costs on appeal are awarded to Clayton.

Kline, P. J., and Lambden, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 30, 1997.

---

[3]In the unpublished portions of this opinion, we reject USAA's related claims that (a) Clayton did not suffer compensable economic loss, (b) the emotional distress damages were not supported by substantial evidence, and (c) the emotional distress damages were excessive.

[4]In advancing this argument, USAA appears to be relying on the fact the nature of the emotional distress suffered is an issue in a case that our Supreme Court recently accepted for review. (*Torres* v. *Automobile Club of So. California**\** (Cal.App.) review granted on specified issues Aug. 28, 1995 (S048329).) After the present appeal was fully briefed, the Supreme Court issued an order on December 23, 1996, in that case limiting the issues to be argued to "whether under Civil Code section 3295(d) a defendant is entitled to a new trial on liability and compensation damages following the reversal of an award of punitive damages and remand to the trial court for a new trial on punitive damages."

†See footnote, *ante*, page 1158.

\*Reporter's Note: For Supreme Court opinion, see *Torres* v. *Automobile Club of So. California* (1997) 15 Cal.4th 771.