Stephen SIMMONS, Plaintiff,

v.

PCR TECHNOLOGY, Defendant.

No. C02–1504 MHP.

United States District Court,
N.D. California.

July 2, 2002.

## MEMORANDUM & ORDER

### RE Remand to Superior Court

PATEL, Chief Judge.

Plaintiff Stephen Simmons filed a complaint in California state court against his former employer, PCR Technology, alleging racial discrimination and retaliation. On March 28, 2002, defendant filed a notice of removal based on diversity jurisdiction. Now before the court is plaintiff's motion to remand. Plaintiff further moves for sanctions against defendant for improper removal. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

### BACKGROUND

Plaintiff, a California resident, worked for defendant, a corporation incorporated under the laws of Delaware with its principal place of business in New Jersey. This action is based on alleged acts of racial discrimination that occurred during plaintiff's employment and eventual termination.

Plaintiff filed a claim in the Superior Court of Alameda County on February 7, 2002 alleging discrimination under state law. Defendant removed the action to this

court on March 28, 2002 on the basis of diversity jurisdiction. Plaintiff filed the instant motion to remand on April 25, 2002.

*LEGAL STANDARD*

An action is removable to a federal court only if it could have been brought there originally. 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

▆▆▆ There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). Defendant always bears the burden of establishing the propriety of removal. *Id.* Where the amount of damages sought by a plaintiff is unclear, defendant must prove facts supporting the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir.1996); *Gaus,* 980 F.2d at 567 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); 28 U.S.C. § 1332(a). Thus, defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez,* 102 F.3d at 404.

▆▆▆ The district court determines whether defendant has met this burden by first considering whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997). If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. *See Conrad Assoc. v. Hartford Accident & Indem. Co.,* 994 F.Supp. 1196, 1198 (N.D.Cal.1998).

*DISCUSSION*

The parties do not dispute diversity of citizenship. Accordingly, this motion turns on whether the requisite "amount in controversy" exists. Federal district courts have jurisdiction only where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The parties find themselves in the curious position of arguing their opponent's case. Plaintiff asserts that defendant cannot meet its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Defendant counters that the amount in controversy, which includes compensatory, punitive and emotional distress damages, plus injunctive relief and attorneys' fees exceeds the jurisdictional amount. The court finds that defendant has satisfied its burden.

I. *Amount in Controversy*

▆▆ Plaintiff seeks compensatory damages, including medical expenses and lost wages; punitive and emotional distress damages; injunctive relief; and attorneys' fees. Lost wages at time of removal totaled $25,600. The question is whether the sum of the remaining damages, plus attorneys' fees, satisfies the jurisdictional minimum.

1. *Compensatory Damages*

Plaintiff's complaint seeks compensatory damages, including lost wages, benefits, medical expenses and future wage loss.

Compl., Prayer ¶ a. Defendant contends that plaintiff's wage loss alone will exceed $56,000 by trial, supporting diversity jurisdiction when coupled with statutory attorneys' fees and other relief.

Plaintiff's employment was terminated on June 1, 2001. Compl. ¶ 7. This action was removed on March 28, 2002. Thus, assuming a monthly salary of $2,560, plaintiff's wage loss from termination until removal is $25,600.[1] Although the court declines to project future wage loss until a hypothetical trial date, it is nonetheless reasonable to expect these damages to exceed $25,600.

The complaint further alleges that plaintiff "suffered costs for medical expenses" and prays for "medical expenses and other special expenses for treatment and care." Compl. ¶ 28, Prayer ¶¶ a & b. In his motion, however, plaintiff denies any medical expenses. See Pl.'s Mot. at 4:12–13 ("Plaintiff does not have any care of treatment for physical suffering, hence no medical specials and no substantial number for that."). At oral argument, plaintiff explained this contradiction, stating that he had initially claimed medical damages as a precautionary measure on the off chance that such damages would eventually emerge.

■ Plaintiff cannot have it both ways. Jurisdictional facts are assessed on the basis of plaintiff's complaint at the time of removal. 28 U.S.C. § 1441. "[A] plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938). By choosing to overplead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court. The court thus assumes plaintiff will be awarded some amount of medical damages, however slight.

■ Plaintiff highlights a post-removal settlement letter and stipulation to damages below the jurisdictional amount. A settlement letter *may* provide a reasonable estimate of plaintiff's claim.[2] *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (a settlement letter is relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim). In a letter dated April 22, 2002, plaintiff contends that he sought $23,000 to settle all claims. Murray Dec., Exh. 2; *see also id.*, Exh. 1 (letter dated April 18, 2002) ("[A]t the time the complaint was filed, the value, being the most generous, was at or less than $23,000").[3] Plaintiff also stipulated that total damages at removal did not exceed $75,000. *Id.*,

1. In a voicemail message to opposing counsel, plaintiff originally cited lost wages totaling $28,000–$29,000. Paetkau Dec., Exh. 2. The court's calculations based on plaintiff's monthly salary belie this original request.

2. Contrary to defendant's arguments, Paetkau Dec., Exh. 3 n. 2 (citing Cal.Evid.Code §§ 1115 *et seq.* & § 1152), settlement letters are admissible. *See Faulkner v. Astro-Med, Inc.*, 1999 WL 820198, *3 (N.D.Cal.1999) ("A defendant may present evidence of settlement demands when attempting to prove federal subject matter jurisdiction."); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (Federal Rule of Evidence 408 does not disallow reliance on settlement letters to assess amount in controversy). These letters are being offered to indicate plaintiff's assessment of the value of his claims, rather than to establish liability. *Cohn*, 281 F.3d at 840 n. 3.

3. This letter appears to be restricted to wage loss, overlooking punitive and emotional distress damages, which were also alleged in the complaint. At oral argument, plaintiff elaborated that he continues to demand reinstatement along with back wages. If reinstatement is not possible, additional wage loss would be added to the proposed settlement amount.

Exh. 2. ("[Y]ou asked if I am willing to stipulate that at the time the case was removed, the damages claimed by my client at this point in time was less than $75,000. I indicated that we so stipulated.").

Significantly, the settlement letter and stipulation were prepared after removal.[4] The Supreme Court has long discouraged reliance on post-removal stipulations and affidavits. *See St. Paul Mercury*, 303 U.S. at 292, 58 S.Ct. 586 (district court jurisdiction is not defeated where plaintiff reduces the claim below the requisite amount by stipulation, affidavit, or amendment after removal). Such statements are likely to manipulate the amount in controversy to secure jurisdiction in the desired court. The court gives little credence to plaintiff's post-removal statements. These letters do not alter the determination of the amount in controversy.

### 2. *Punitive Damages*

 Plaintiff also seeks punitive and exemplary damages. Compl., Prayer ¶ e. The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242, *4 (N.D.Cal.1997) (Patel, J., presiding); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D.Cal.1995). Plaintiff's action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal.Govt.Code § 12900 *et seq.* Punitive damages are available under FEHA. Cal.

Gov't Code § 12940. Accordingly, the court may consider punitive damages when determining the amount in controversy.

Although the complaint seeks punitive damages, the amount sought is unclear. To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Faulkner v. Astro–Med, Inc.*, 1999 WL 820198, *4 (N.D.Cal.1999); *Miller*, 1997 WL 136242 at *4. To this end, defendant highlights jury verdicts with substantial punitive damage awards. *See, e.g., Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.*, Cal.Super.Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept.2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.*, JVR No. 801112 ($40,000,000 punitive damage award). The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Although the facts of the instant action are far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award.

### 3. *Emotional Distress Damages*

 The complaint alleges that plaintiff suffered "humiliation, mental anguish,

---

4. It is not clear whether the settlement letter in *Cohn v. Petsmart*, 281 F.3d 837, was proffered before or after removal. Significantly, each of the cases cited for this proposition in *Cohn* clearly refer to settlement letters drafted *before* removal. *See Cohn*, 281 F.3d at 840 (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997) (considering settlement offer made in a

previous action), *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (finding damages below the jurisdictional amount where plaintiff's original complaint so pled); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994) (highlighting letter sent by plaintiff's counsel reporting damages exceeding the jurisdictional amount)).

and emotional and physical distress" and that defendant seriously affected "the emotional well being of Plaintiff." Compl. ¶¶ 25 & 29. Accordingly, plaintiff seeks recovery for "physical and mental pain and emotional anguish and suffering." Compl., Prayer ¶ c. In fact, emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Miller,* 1997 WL 136242 at *5; *Richmond,* 897 F.Supp. at 450.

Although plaintiff's complaint seeks damages for emotional distress, the amount of such damages is unclear. Defendant cites *Lane v. Hughes Aircraft Co.,* JVR No. 801112, an employment discrimination case with a $3,500,000 award for pain and suffering. Admittedly, this case is not perfectly analogous. Significantly, Lane suffered persistent discrimination over a ten-year period. In contrast, plaintiff worked for PCR Technology for only four months. Nonetheless, *Lane* indicates that emotional distress damages in a successful employment discrimination case may be substantial.

### 4. *Injunctive Relief*

Plaintiff seeks an injunction commanding reinstatement to his former position. Compl., Prayer ¶ d. The amount in controversy may include the cost of complying with such an injunction. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed.Civ.Pro. Before Trial* ¶ 2:483 (The Rutter Group 2001); *In re Ford Motor Co./ Citibank,* 264 F.3d 952, 958 (9th Cir.2001). Defendant contends that reinstatement would require it to create a new position. Def.'s Opp'n at 13. This cost, however, would be offset by the value of plaintiff's services. Thus, the cost of such injunction would be negligible. Accordingly, the court does not include this expense in its calculation of the amount in controversy.

### 5. *Attorneys' Fees*

The complaint seeks recovery of attorneys' fees and costs. Compl., Prayer ¶ f. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir.1998); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D.Cal.1995). Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA. Cal Gov't Code § 12965. Thus, the court may consider fees when assessing the amount in controversy.

Plaintiff's demand for attorneys' fees to date has been inconsistent. Although plaintiff's counsel initially reported fees of $25,000 at removal, Paetkau Dec., ¶ 7 & Exh. 2 (voicemail from plaintiff's counsel claiming fees of "about twenty, say twenty-five at this point"), he subsequently reduced this demand to only $5,000, Murray Dec. ¶ 9 ("Plaintiff's attorney's fees up to the point in the litigation where the complaint was filed and/or the matter removed are less than $5,000"). This request has since increased to $6,500. Paetkau Dec., ¶ 6 & Exh. 5 (claiming "billing up and to the point of removal was $6,512.50"). While the court disapproves of plaintiff's apparent gamesmanship, it nonetheless finds that the latter estimates are most likely to be an accurate representation of counsel's expenses. Formal billing records and a declaration written under penalty of perjury have more credibility than an informal telephone message.

Plaintiff insists that attorneys' fees are limited to those accrued at time of removal, maintaining that additional fees are too speculative. Plaintiff is mistaken. The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy. *See Galt G/S,* 142 F.3d at 1155–56. Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit

must have anticipated that district courts would project fees beyond removal.[5] The court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal. Similarly, the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred.

Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages. The court recognizes that the percentage of cases that ultimately go to trial is very small. Nonetheless, plaintiff's claims are unlikely to be immediately resolved. While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.

## II. *Sanctions*

Plaintiff moves the court to award sanctions in the amount of $4075. This request is mooted by the denial of plaintiff's motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion is DENIED in its entirety.

IT IS SO ORDERED.

---

5. This conclusion is unaltered by *Miranti v. Lee,* 3 F.3d 925 (5th Cir.1993). *Miranti* considered the propriety of requiring defendant to pay attorneys' fees for costs associated with an improper removal and plaintiff's successful motion for remand to state court. *Miranti* does not say that attorneys' fees should be limited to those incurred at removal. The court respectfully disagrees with *Faulkner v. Astro–Med, Inc.,* 1999 WL 820198 (N.D.Cal. 1999), which relies on *Miranti* to reach a different conclusion.