Nancy Amparo CAIN, Plaintiffs,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, and Does
1 through 10, inclusive, Defendants.

Case No. CV 12–5421 R (JEMx).

United States District Court,
C.D. California,
Western Division.

Sept. 7, 2012.

Michael B. Horrow, Nichole Dessie Podgurski, Donahue and Horrow LLP, El Segundo, CA, for Plaintiffs.

Keiko J. Kojima, Melissa M. Cowan, Burke Williams and Sorensen LLP, Los Angeles, CA, for Defendants.

## ORDER DENYING PLAINTIFF CAIN'S MOTION FOR REMAND

MANUEL L. REAL, District Judge.

On May 22, 2012, Plaintiff Nancy Amparo Cain filed this lawsuit in Los Angeles Superior Court, alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing ("bad faith") against Defendant Hartford Life and Accident Insurance Company ("Hartford"). Defendant Hartford timely removed the case to federal court on the grounds of diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff Cain subsequently filed a Motion to remand the case back to state court on the grounds that Defendant Hartford had not established the "amount in controversy" requirement of Section 1332. The Motion was heard and decided by this Court on September 4, 2012, at 10:00 a.m. Michael Horrow of Donahue & Horrow appeared on behalf of Plaintiff Cain. Melissa M. Cowan of Burke, Williams & Sorensen, LLP, appeared on behalf of Defendant Hartford.

Based on the hearing, as well as review of the parties' papers and applicable law, the Court hereby orders that Plaintiff's Motion for Remand is denied.

## I. BACKGROUND

This case arises out of Plaintiff's claim for long term disability insurance benefits under a group policy Hartford issued to her former employer, the State Bar of California. (Complaint, ¶ 1.) The Complaint alleges that disability benefits are payable under the policy for total disability

at an amount equal to 60% of Plaintiff's Pre–Disability Earnings following a 90 day Elimination Period, until age 65, presuming Plaintiff continues to meet the definition of Disability under the Plan. (Complaint, ¶¶ 5–7.)

Plaintiff alleges that she was a paralegal for the State Bar of California for over thirteen years. She alleges that as her health declined and her pain levels increased, she could no longer competently perform the material and substantial duties of her occupation. (Complaint, ¶ 1.) The Complaint alleges that Plaintiff submitted a claim for disability benefits under the policy, which Hartford approved on or about January 4, 2011. (Complaint, ¶ 18.) Plaintiff's physician, Dr. Sobol, confirmed her ongoing disability. (Complaint, ¶¶ 19, 21.) Plaintiff asserts that on or about January 10, 2012, Hartford denied her claim for continuing benefits. (Complaint, ¶¶ 19, 21.)

In her Second Cause of Action, Plaintiff alleges that Hartford breached the contract by failing to pay benefits. (Complaint, Second Cause of Action, ¶¶ 11–12.) In her First Cause of Action, Plaintiff alleges that Hartford breached the duty of good faith and fair dealing in a number of ways, including: (a) unreasonably failing to make payments to Plaintiff at a time when Defendants knew that she was entitled to the payments under the terms of the Policy; (b) unreasonably delaying payments to Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid; (c) unreasonably withholding payments from Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid; (d) unreasonably misrepresenting to Plaintiff pertinent facts and Insurance Policy provisions relating to the coverage in issue; (e) Failing to reasonably and promptly investigate and process Plaintiff's claim for benefits; (f) not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits in which liability has become reasonably clear; and (g) failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits. (Complaint, First Cause of Action, ¶¶ 1–2.)

As a result, Cain alleges that she suffered contract and tort damages, including damages for failure to pay benefits under the Policy, prejudgment interest, other economic and consequential damages, emotional distress damages, and attorneys' fees. (Complaint, First Cause of Action, ¶¶ 3–5; Prayer, First Cause of Action, ¶¶ 1–2; Second Cause of Action, ¶¶ 12; Prayer, Second Cause of Action, ¶ 1.) Cain further claims that Hartford's conduct was malicious, oppressive and fraudulent, warranting the imposition of punitive damages. (Complaint, First Cause of Action, ¶ 6; Prayer, First Cause of Action, ¶ 3.)

## II. *Legal Standard*

Federal law permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to "be removed by the defendant ... to the district court of the United States for the district and the division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

 Diversity jurisdiction exists where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). When the amount in controversy

is not clear from the face of the complaint, the defendant must show by a preponderance of the evidence that the jurisdictional threshold has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir.1996). In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002). "The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D.Cal.2008).

■ Evidence offered in opposition to a motion to remand can be construed as an amendment to the notice of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir.2002); *see also Willingham v. Morgan*, 395 U.S. 402, 405 n. 3, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits").

### III. *Discussion*

The Court finds that it has jurisdiction over this case pursuant to Section 1332. 28 U.S.C. § 1332.

### A. *Complete Diversity*

The parties do not dispute that the diversity prong of the Section 1332 has been met. Cain is and was a citizen of the state of California at all relevant times. Hartford is, and at all relevant times herein was, a corporation organized and existing under the laws of the State of Connecticut. Hartford's principal place of business is in Connecticut. Thus, complete diversity exists between the parties.

### B. *Amount in Controversy*

■ The sole basis on which Cain seeks remand is her contention that Hartford has failed to prove that the amount in controversy has been met. She alleges that any valuation of her claim for damages would be speculative at this stage. Although Cain alleges that Hartford must prove by a preponderance of the evidence that she will prevail on her claims, that is not the test. Hartford only needs to establish by a preponderance of the evidence that Cain will recover more than $75,000 if her allegations are taken as true. *See Kenneth*, 199 F.Supp.2d at 1001. Hartford has met that burden based on the damages for breach of contract and bad faith asserted in the Complaint.

#### 1. *Breach of Contract*

Under Plaintiff's second cause of action for breach of contract, there is no dispute that she seeks ongoing monthly benefits of $3,760.80 for the period of January 11, 2012 through June 21, 2012, and thereafter through trial. As of the time of removal, Defendant calculated the amount of contract damages to be approximately $20,101. Cain does not dispute this amount of damages.

#### 2. *Bad Faith Damages*

As part of her claim for bad faith, Cain seeks the following, each of which would exceed the $75,000 jurisdictional threshold. Each of these amounts, taken in conjunction with the contract damages asserted, would likewise satisfy the jurisdictional requirement.

■ *Future benefits:* The present value of future damages must be included in the amount in controversy calculation because Cain seeks tort damages for bad faith and

such damages are permitted under California law if she prevails on her bad faith claim. *Albino v. Standard Ins. Co.*, 349 F.Supp.2d 1334, 1340 (C.D.Cal.2004) (future disability benefits properly considered for amount in controversy); *Duarte v. Standard Insurance Company*, 2008 WL 3978082 (N.D.Cal.2008). Hartford has presented evidence to show that Cain's claim for ongoing benefits into the future, on its own, would far surpass the $75,000 jurisdictional limit. Under Hartford's policy, benefits may be payable to Plaintiff until age 65. With a gross monthly benefit of $3,760.80, the total amount of benefits at issue in this litigation per Hartford's calculation is thus approximately $448,776.26 undiscounted, or $369,765.65 using a 4% discount.

■ *Attorneys' Fees:* Cain also seeks to recover an unspecified amount of attorneys' fees. If Cain prevails on her bad faith claim, she can recover reasonable attorneys' fees for recovery of contract benefits. *Brandt v. Superior Court*, 37 Cal.3d 813, 819, 210 Cal.Rptr. 211, 693 P.2d 796 (1985). When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002) (rejecting plaintiff's argument that attorneys' fees are limited to those accrued at time of removal); *Campbell v. Hartford Life Ins. Co.*, 825 F.Supp.2d 1005, 1009 (E.D.Cal. 2011).

The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. "[E]ven a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum." *Haase v. Aerodynamics Inc.*, 2009 WL 3368519, at *5 (E.D.Cal.2009). Hartford

has offered case authority reflecting *Brandt* fee awards. *See, e.g., Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir.2004) (awarding $750,000 for attorney's fees in bad faith action involving a disability policy); *Major v. W. Home Ins. Co.*, 169 Cal.App.4th 1197, 87 Cal.Rptr.3d 556 (2009) (awarding $189,000 in attorney fees in homeowners' bad faith action against insurer).

Hartford has also shown that as of April 2007, Cain's primary attorney, Mr. Horrow, was charging $425 per hour. Considering that hourly rate, plus the hourly rates of associates working with Mr. Horrow, the Court finds in its discretion that Cain's attorney fee claim could exceed the $75,000 jurisdictional limit.

■ *Emotional Distress Damages:* Cain seeks to recover emotional distress from Hartford, which must be considered in this analysis. To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases. *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, *4 (N.D.Cal.2008).

Hartford has provided jury verdicts awarding emotional distress in other insurance bad faith cases. *See Clayton v. United Services Auto. Assn.*, 54 Cal.App.4th 1158, 63 Cal.Rptr.2d 419 (1997) (emotional distress award of $400,000 for insurance bad faith); *Hangarter*, 373 F.3d at 1005 (jury awarded $400,000 in emotional distress damages for bad faith damages stemming from denial of disability benefits); *Ace v. Aetna Life Ins. Co.*, 40 F.Supp.2d 1125 (D.Alaska 1999) (jury verdict initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450–451 (S.D.Cal. 1995) (removal proper because plaintiff's emotional distress damages were potentially substantial); *Gruenberg v. Aetna Ins.*

*Co.*, 9 Cal.3d 566, 580, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973) (authorizing the recovery of emotional distress damages in an action for bad faith against an insurer).

Based on this analysis, the Court finds that it is more likely than not that emotional distress damages may be substantial if Cain's allegations in the Complaint are accepted as true. If such damages were awarded, those damages alone could exceed the minimum $75,000 threshold.

*Punitive Damages:* Given that Cain's claim for contractual and bad faith damages well exceeds the jurisdictional requirement, the Court need not address Hartford's argument regarding Cain's claim for punitive damages.

## IV. *Conclusion*

For the foregoing reasons, the Court DENIES Cain's Motion to Remand. The requirements for diversity jurisdiction have been established.

IT IS SO ORDERED.